IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

v.  Criminal Action No. **3:17CR92**

**JACLYN A. TUNES,**

Petitioner.

## MEMORANDUM OPINION

Jaclyn A. Tunes, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 108). Tunes requests relief upon the following grounds:[1]

| | |
|---|---|
| Claim One | "Applying a categorical approach, firearm enhancement is unconstitutional." (*Id.* at 4.) |
| Claim Two | "Applying a conduct-based approach, firearm enhancement has no merit." (*Id.* at 5.) |
| Claim Three | "Ineffective assistance of counsel on charge of aiding and abetting" in conjunction with Tunes's (a) guilty plea; and, (b) during sentencing. (*Id.* at 7.) |

The Government has filed its response. (ECF No. 122.) Tunes had filed a reply. (ECF No. 130.) The matter is ripe for disposition. As explained below, Claims One and Two are procedurally defaulted and Claim Three lacks merit.

### I. Pertinent Factual and Procedural History

On July 11, 2017, a grand jury returned an Indictment charging Tunes with aiding and abetting Hobbs Act robbery ("Hobbs Act robbery"). (ECF No. 10, at 1–2.) On September 13, 2017, Tunes entered into a Plea Agreement with the Government wherein she agreed to plead

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the capitalization and punctuation in the quotations from Tunes's submissions.

guilty to the one count of Hobbs Act robbery. (ECF No. 34, at 1.) Prior to sentencing, a Presentence Report ("PSR") was prepared which found a seven-level enhancement applicable because a firearm was discharged during the robbery, and a two-level enhancement applicable because a victim sustained bodily injury. (PSR ¶¶ 26–27, ECF No. 61.) With a Total Offense Level of 26, and a Criminal History Category of III, Tunes faced a Guidelines sentencing range of 78 to 97 months of incarceration. (*Id.* ¶ 101.) On December 18, 2017, the Court sentenced Tunes to 78 months of incarceration. (ECF No. 94, at 2.) Tunes filed no appeal.

## II. Claims Barred from Review (Claims One and Two)

The Court first determines that because Tunes failed to raise Claims One and Two on appeal, she may not raise these claims for the first time in this § 2255 proceeding absent a showing of cause and prejudice or actual innocence.

In Claim One, Tunes contends that "Applying a categorical approach, firearm enhancement is unconstitutional." (ECF No. 108, at 4.) In Claim Two, Tunes argues that: "Applying a conduct-based approach, firearm enhancement has no merit." (*Id.* at 5.) Tunes seemingly believes that, due to recent changes in the law, she is no longer eligible for the firearm enhancement (*id.* at 4; ECF No. 109, at 1–4), and that, the Court improperly found her eligible for the seven-level firearm enhancement. (ECF No. 108, at 4–5; ECF No. 109, at 4–5.) The Court need not flesh out either argument because the procedural default rule bars both Claims One and Two from review here, absent a showing of cause and prejudice. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982); *see also United States v. Linder*, 552 F.3d 392, 397 (4th Cir. 2009) (internal quotation marks omitted) (citation omitted) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But [she] is precluded from raising claims

2

that are the sort that *could have* been raised on appeal"). Tunes fails to provide any excuse for her default of these claims. Accordingly, Claims One and Two are barred from review here and will be DISMISSED.[2]

### III. Ineffective Assistance of Counsel

The Court will also dismiss Claim Three because Tunes fails to demonstrate any deficiency of counsel or resulting prejudice, which are necessary to state an ineffective assistance of counsel claim.

To demonstrate ineffective assistance of counsel, a convicted defendant must first show that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[2] Even if the Court were to find the claims not barred from review, Tunes's claims may be dismissed for other reasons. Tunes is not permitted to challenge a Guidelines enhancement on collateral review. *See United States v. Foote*, 784 F.3d 931, 932 (4th Cir. 2015). To the extent she believes that *Johnson v. United States*, 576 U.S. 591 (2015) and its progeny entitle her to relief, this claim fails because Tunes was not convicted of an offense under 18 U.S.C. § 924(c), despite her reference to a "924(c) gun enhancement" (*see* ECF No. 109, at 5), and the Supreme Court has "concluded that the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *United States v. Lee*, 855 F.3d 244, 246 (4th Cir. 2017) (citing *Beckles v. United States*, 137 S. Ct. 886, 892 (2017).

Moreover, the main thrust of her Reply is that she is not guilty of Hobbs Act robbery because she had no knowledge of the robbery. (*See* ECF No. 130, at 3–7). Tunes's validly entered plea agreement precludes any challenge to the sufficiency of the evidence. *Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1294 (4th Cir. 1992) (explaining that "[i]t is well-established that a voluntary and intelligent guilty plea forecloses collateral review of allegations of antecedent constitutional deprivations") (citing *Tollett v. Anderson*, 411 U.S. 258, 266–67 (1973))).

proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court has modified this second prong of *Strickland* to require the convicted defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### A. Plea-Related Claim (Claim Three (a))

In Claim Three (a), Tunes provides a short list of reasons why she believes counsel was ineffective without any further explanation. (ECF No. 108, at 7.) In this list, she contends that counsel rendered ineffective assistance with respect to her guilty plea, and suggests that "she had no prior knowledge of her co-defendants' intention to commit robbery," that counsel failed to "provide her a copy of the plea agreement," and that she "did not understand the charge of aiding and abetting required that she had advance knowledge of the crime," (*id.*), and therefore, "she was not able to make an informed plea decision" (ECF No. 109, at 6). As a preliminary matter, nowhere in Tunes's submissions has she stated that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Without this assertion, Tunes has failed to demonstrate any resulting prejudice from counsel's purported actions. For this reason alone, Claim Three (a) fails, and may be dismissed. Nevertheless, as discussed below, Tunes's Plea Agreement also belies her claim.

In her Plea Agreement, Tunes agreed to plead guilty because she was "in fact guilty of the charged offense" and she admitted "the facts set forth in the statement of facts . . . and agree[d] those facts establish[ed] guilt of the offense charged beyond a reason doubt." (ECF No. 34, at 2.) Tunes also agreed that she was "satisfied" that her "attorney ha[d] rendered effective assistance." (*Id.* at 3.) When Tunes signed the Plea Agreement, she also affirmed as follows: "I agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal indictment. . . . I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it." (*Id.* at 10.)

In the Statement of Facts that accompanied the Plea Agreement, Tunes agreed that "the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt[:]"

> 1. On or about March 29, 2017, in the Eastern District of Virginia, and elsewhere, defendants Joy Lynn E. Herstch, Chad G. Williams, Joshua A. Newcomb, and JACLYN A. TUNES, did unlawfully obstruct, delay, and affect commerce and the movement of articles and commodities in such commerce, as those terms are defined in Title 18, United States Code, Section 1951, that is, by unlawfully taking and obtaining property consisting of United States Currency and other property belonging to A-Plus convenience store, located at 990 Chester Road, Chesterfield, Virginia, from the person of and in the presence of an employee, against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to said employee's person, that is by brandishing and discharging a firearm and demanding from the employee money and other property belonging to the business, and aided and abetted one another in doing so.
> . . .
> 3. On or about March 29, 2017, at approximately 12:01 a.m., Joy Lynn E. Herstch and Chad G. Williams entered the A-Plus convenience store located at 9900 Chester Road, Chesterfield, Virginia. Herstch and Williams had their faces covered by bandannas.
> 4. Herstch approached the counter where clerk B.N. stood, brandished a small revolver, and demanded U.S. currency from the store's register. Simultaneously, Williams grabbed five cases of beer from a display in the business. Having seen Herstch earlier that evening and approximately once per shift on prior

5

days/evenings, B.N. verbally challenged her to not commit the robbery by stating, "We know who you are." Herstch then responded, "I don't care," and continued demanding money from the register.

5. After realizing that a robbery was taking place, victim/manager, T.D., came to register to assist her co-worker. T.D. immediately recognized Herstch from earlier that evening and as a frequent customer of the business. T.D. attempted to get Herstch [sic] money from the register; however, B.N. reached across the counter and pulled the bandanna from Herstch's face. Herstch, in turn, struck B.N. in the head with the handle of the revolver, and discharged a projectile into the ceiling directly behind B.N. Herstch then collected approximately $60.00 in U.S. currency from T.D. (including a marked bill), and left the business with Williams. The two suspects then fled the store and got into an awaiting dark colored SUV, which was occupied by driver, JACLYN A. TUNES and occupant, Joshua A. Newcomb. The SUV sped away as soon as Herstch and Williams got into the vehicle. According to B.N., T.D., and the surveillance video, the vehicle and occupants (with the exception of TUNES), had been in the business approximately an hour prior to the robbery, but did not make any purchases. Each such time, the SUV backed into a parking space near the entrance to the store. Due to the assault, B.N. suffered a bleeding injury to her head and received medical assistance on the scene.

6. After B.N and T.D. positively identified Herstch, law enforcement responded to the Shady Hill Trailer Park (6811 Jefferson Davis Hwy. Lot 1), where Herstch was known to frequent. Upon arrival, Officers detained Williams, who had a small Imperial .22 caliber revolver on his person.

7. After Williams had been arrested, law enforcement observed Herstch in the previously mentioned trailer and knew her to have active arrest warrants; therefore, officers made entry into the dwelling. Herstch was found hiding under a comforter and in bed with Newcomb in a bedroom near the back of the trailer. After detaining both Herstch and Newcomb, officers found U.S. currency under Newcomb's person on the mattress. A search of the dwelling, subsequent to a lawful warrant, yielded fruits and evidence of the aforementioned robbery (U.S. currency, previously referenced marked bill, beer, and clothing worn by involved parties).

8. TUNES was then developed as the last co-conspirator and driver, who had used her black 2002 Ford SUV to transport the involved parties to and from the robbery. TUNES, along with her vehicle, were subsequently located at her reported address and she was arrested and interviewed. *During her post-Miranda statements, TUNES admitted* to driving Williams, Herstch, and Newcomb to the convenience store prior to the robbery, where all three went into the store and she remained in the car. She also stated she drove them back to the convenience store just prior to the robbery *and that during the ride there, Williams and Herstch discussed stealing from the store*, and, when they arrived, she saw Herstch put the

> bandanna on her face and saw both Herstch and Williams enter the store. Finally, she heard Herstch and Williams discuss the robbery when they got back into the car as TUNES drove away from the scene of the robbery.

(ECF No. 35, at 1–4 (emphasis added).)

Claim Three (a), culled to its essence, suggests that Tunes was not guilty of Hobbs Act robbery because she did not know that her co-defendants intended to rob the store and that counsel was ineffective for failing to advance this argument to demonstrate that she was not guilty. The record, however, contradicts Tunes's argument regarding her lack of knowledge about the robbery.

In the Statement Facts that Tunes swore was "true and correct," (*id.* at 1), she agreed that she knew her co-defendants intended to rob the convenience store because she heard them discussing robbing the store while in the car. Moreover, before she was arrested or had been formally charged with a crime, Tunes admitted to the police that she had heard her co-defendants discussing the robbery right before it occurred. (*See also* ECF No. 1–1, at 6.) Counsel cannot be faulted for failing to argue that Tunes lacked knowledge of the robbery when the record demonstrates that Tunes knew her co-defendants intended to rob the store. Additionally, Tunes does not demonstrate that, but for an error of counsel, a reasonable defendant in her position would have insisted on proceeding to trial rather than pleading guilty. As a result, Tunes does not demonstrate deficiency of counsel or resulting prejudice and her contention lacks merit.

Tunes also contends that counsel never gave her a copy of the Plea Agreement. (ECF No. 108, at 7.) Although the Court expresses serious doubt about this allegation, even assuming that counsel never provided Tunes with a personal paper copy of the Plea Agreement, counsel reviewed it with Tunes and she agreed that she had reviewed it when she signed the Plea Agreement. (*See* ECF No. 30, at 10.) Moreover, Tunes does not contend that counsel failed to

review the contents of the Plea Agreement with her. In sum, Tunes fails to demonstrate any deficiency of counsel or resulting prejudice. Accordingly, Claim Three (a) lacks merit and will be DISMISSED.

### B. Sentencing Claim (Claim Three (b))

Tunes also suggests, albeit vaguely, that "counsel did not provide her . . . a copy of her PSR" and "[h]e did not offer her an opportunity to make objections." (ECF No. 108, at 7.) In her Reply, she adds that counsel "neglected to offer all mitigation evidence before and at sentencing." (ECF No. 130, at 5.) Pursuant to Rule 2(b) of the Rules Governing Section 2255 Proceedings, a petitioner must "state the facts supporting each ground" for relief. Rules Governing Section 2255 Proceedings for the United States District Courts, R. 2(b). Tunes fails to provide any factual detail about what objections she would have wanted counsel to make, or what mitigating evidence counsel should have presented. As a result, Tunes fails to establish a claim for relief on this ground. *See United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (citation omitted) (internal quotation marks omitted) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court."); *see also Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of § 2255 motion appropriate where it "stated only bald legal conclusions with no supporting factual allegations").[3] Claim Three (b) is too vague and conclusory to state a claim for relief and will be DISMISSED.

---

[3] For the first time in her Reply, Tunes appears to suggest that counsel should have objected at sentencing to "the probation officer's imagination and his absurd conclusion that Tunes could reasonably foresee that someone going into a convenience store to buy beer was actually going to rob a store and would be carrying a firearm." (ECF No. 130, at 10.) Tunes cannot add new claims by a passing reference in a reply brief. *See Snyder v. United States*, 263 F. App'x 778, 779–80 (11th Cir. 2008) (refusing to consider petitioner's statement in a reply brief as an attempt to amend his § 2255 motion to add a new claim); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 847 F. Supp. 2d 843, 851 n.9 (E.D. Va. 2012); *Equity in Athletics, Inc.*

8

### III. Conclusion

Tunes's claims and the action will be DISMISSED. The § 2255 Motion (ECF No. 108) will be DENIED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Tunes has not satisfied this standard. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

/s/ MHL
M. Hannah Lauck
United States District Judge

Date: May 10, 2021
Richmond, Virginia

---

*v. Dep't of Educ.*, 504 F. Supp. 2d 88, 111 (W.D. Va. 2007) (citations omitted) (explaining that "new legal theories must be added by way of amended pleadings, not by arguments asserted in legal briefs"). Therefore, to the extent that Tunes seeks to add a new claim in her Reply, such a claim is not properly before the Court.

Moreover, even if the Court were to consider the claim, it lacks merit. The record establishes that Tunes was aware that her co-defendants were not simply going into the store to buy beer, but rather intended to rob the store. A firearm was discharged during the robbery which made the seven-level enhancement applicable. (*See* PSR ¶ 26.) An objection to the PSR on the ground that Tunes did not know her co-defendants were going to rob the store would have been frivolous and counsel cannot be faulted for failing to make a meritless objection. Tunes does not identify a plausible argument that counsel could have made regarding the conclusions in the PSR. Accordingly, she fails to establish that counsel was deficient or any resulting prejudice.